UNITED STATES *v.* SCHADE & Co. (No. 1515).[1]

NIGHT SHELLS.

These fireworks, called night shells, were held to be made of paper or that paper is the component material of chief value. There is, however, no evidence of record as to what is the component material of chief value in these night shells. On the record they could not properly be held dutiable under paragraph 420, tariff act of 1909.

---

[1] Reported in T. D. 35439 (28 Treas. Dec., 857).

## United States Court of Customs Appeals, May 18, 1915.

Appeal from Board of United States General Appraisers, Abstract 37029 (T. D. 34984).

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Samuel Isenschmid,* special attorney, on the brief), for the United States.

No appearance for appellees.

Before Montgomery, Smith, Barber, De Vries, and Martin, Judges.

Barber, Judge, delivered the opinion of the court:

The merchandise in this case was assessed as fireworks under paragraph 433 of the act of 1909, which reads as follows:

433. Firecrackers of all kinds, eight cents per pound; bombs, rockets, Roman candles, and fireworks of all descriptions, not specially provided for in this section, twelve cents per pound; the weight on all the foregoing to include all coverings, wrappings, and packing material.

The importers protested, claiming duty under paragraph 420, which we quote:

420. Manufactures of paper, or of which paper is the component material of chief value, not specially provided for in this section, thirty-five per centum ad valorem.

At the hearing before the Board of General Appraisers two witnesses were called by the importers and none by the Government. From their testimony it appears that the imported articles are divided into two classes, one known as day shells and the other as night shells, both of which are used as fireworks.

The evidence discloses that the day shells are fired from a mortar into the air where they explode and then display or develop various paper figures. One of the witnesses testified that the day shells were, as imported, composed in chief value of paper, and that an explosive charge is placed in the shell after importation.

As to the night shells the method of projecting them into the air is not clearly shown in the record. Before that occurs, however, they also are charged with some explosive and when in the air explode and produce a pyrotechnic display in the form of stars, wheels, rosettes, etc. But one witness testified as to the composition of these night shells. He said in substance that there were paper and chemicals of different kinds inside, but he failed wholly to state what was the component material of chief value of these night shells. Indeed, he said he did not know other than as already stated what these shells did contain. There is no evidence as to the value of these chemicals. One exhibit respecting these night shells is before us. It is spherical in shape and about six inches in diameter, and we infer from the evidence that the exterior is made of paper, but, as stated, there is no evidence as to the component material of chief value.

The board found that both classes of shells were made of paper and sustained the protests. The importers file no brief and make no argument in this court.

The assessment of the merchandise as fireworks under paragraph 433 is presumptively correct. To overcome that presumption it must be shown that both classes of the merchandise were made of paper or that paper is the component material of chief value.

The Government urges that as to the night shells there is no evidence tending to so show. We think this conclusion is demanded by the record, and that the board must have inadvertently related the proof as to the component material to the night shells as well as the day shells and thereby misapplied the evidence in that respect.

Upon this state of the record it is manifest that the contention of the Government as to the night shells, and its appeal is limited to those articles, must be sustained. It follows therefore that the judgment of the Board of General Appraisers that these night shells are dutiable under paragraph 420 must be, and it is, *reversed*.